**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

AUG 04 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JERRY LUM, individually and as successor in interest to Jeremy Lum and DOROTHEA TIMMONS, individually and as successor in interest to Jeremy Lum,<br><br>               Plaintiffs - Appellees,<br><br>  v.<br><br>COUNTY OF SAN JOAQUIN; et al.,<br><br>               Defendants - Appellants. | No. 12-15979<br><br>D.C. No. 2:10-cv-01807-LKK-DAD<br><br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Eastern District of California
Lawrence K. Karlton, Senior District Judge, Presiding

Argued and Submitted July 9, 2014
San Francisco, California

Before: FERNANDEZ, N.R. SMITH, and CHRISTEN, Circuit Judges.

Ray Walters, Steven Pease, Robert Davis, Felipe Mendoza, the County of

San Joaquin, and the City of Lathrop (collectively "Defendants") appeal the district

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

court's partial denial of their motion for summary judgment on the claims brought by Jerry Lum and Dorothea Timmons (collectively "Plaintiffs"). Reviewing de novo, *see Liberal v. Estrada*, 632 F.3d 1064, 1073 (9th Cir. 2011), we affirm in part and dismiss in part.

1. We have jurisdiction to review the district court's denial of qualified immunity on the Fourth Amendment claim. *See Mitchell v. Forsyth*, 472 U.S. 511, 530 (1985); *Huskey v. City of San Jose*, 204 F.3d 893, 896 (9th Cir. 2000) ("Even though the parties dispute some of the facts, this court has jurisdiction over the legal question the individual defendants have raised regarding whether [Plaintiffs'] version of the facts can sustain a claim that [Jeremy Lum's] clearly established constitutional rights ha[d] been violated."). Viewing the evidence in the light most favorable to Plaintiffs, *Munger v. City of Glasgow Police Dep't*, 227 F.3d 1082, 1087 (9th Cir. 2000), an officer could not have reasonably believed there was probable cause to arrest Jeremy Lum under California Penal Code § 647(f), *see Knox v. Sw. Airlines*, 124 F.3d 1103, 1107-08 (9th Cir. 1997).

2. We also have jurisdiction to review the district court's denial of qualified immunity on the Fourteenth Amendment claim. We disagree with the dissent's characterization of the district court's decision as a merits decision. In its March 23, 2012 order addressing Defendants' motion for summary judgment, the district

2

court stated that it addressed "all issues" in the motion, except whether any entity had *Monell* liability. This is significant because Defendants' motion specifically and unambiguously claimed that they were entitled to qualified immunity on Plaintiffs' Fourteenth Amendment claim. The order described the law applicable to Defendants' claim of immunity, and then concluded that disputed issues fact prevented it from granting summary judgment. True, the district court did not analyze qualified immunity for the Fourteenth Amendment claim under a separate heading, as it did in its analysis of the Fourth Amendment claim, but it is apparent from the district court's order that it reached all issues except *Monell* liability and that its ruling on the Fourteenth Amendment issue encompassed Defendants' qualified immunity argument. Perhaps most tellingly, in a second order dated June 8, 2012, the district court expressly acknowledged that it had denied qualified immunity on Plaintiffs' Fourteenth Amendment claim.

Viewing the evidence in the light most favorable to Plaintiffs, we affirm the district court's ruling. *See Plumhoff v. Rickard*, 134 S. Ct. 2012 (2014).

3. We have jurisdiction to review the district court's denial of immunity under California Government Code § 855.8. *See Liberal*, 632 F.3d at 1074; *Caldwell v. Montoya*, 897 P.2d 1320, 1322 (Cal. 1995) (Immunity under the California Tort Claims Act constitutes "immunity from suit."). Section 855.8 does

not apply to either the wrongful death claim or the false arrest claim. Plaintiffs did not allege a failure to diagnose. Rather, they claimed Jeremy Lum told Mendoza that he was bipolar. *See Johnson v. Cnty. of L.A.*, 191 Cal. Rptr. 704, 716-17 (Cal. Ct. App. 1983).

4. We lack jurisdiction to rule on the *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978) liability issue and the California Government Code § 820.2 immunity issue, which the district court did not decide before the case was stayed pending this appeal. *See* 28 U.S.C. § 1291.

5. We lack jurisdiction to review the remainder of the issues appealed, because they were merits decisions. *See Liberal*, 632 F.3d at 1074 ("Because the officers appeal from an ordinary denial of summary judgment . . . as opposed to denial of immunity, that section of the order is not an appealable final judgment under [28 U.S.C.] § 1291."). Moreover, these issues are not inextricably intertwined with the immunity decisions we have jurisdiction to review. *See Huskey*, 204 F.3d at 905 ("Inextricably intertwined" means "the appellate resolution of the collateral appeal *necessarily* resolves the pendent claim[s].").

**AFFIRMED in part, DISMISSED in part.**

4

*Lum v. Cnty. of San Joaquin*, No. 12-15979

N.R. SMITH, Circuit Judge, concurring in part and dissenting in part:

Our memorandum disposition represents the correct manner in which to decide all of the issues therein except that part determining that we have jurisdiction to decide the Fourteenth Amendment claim qualified immunity issues. There is no question that the district court order only addressed the merits of the Fourteenth Amendment question: The district court did not apply qualified immunity standards. Thus, we cannot determine qualified immunity as to the Fourteenth Amendment claims and should dismiss these claims. *See Liberal v. Estrada*, 632 F.3d 1064, 1074 (9th Cir. 2011); *Huskey v. City of San Jose*, 204 F.3d 893, 905 (9th Cir. 2000). There is no precedent authorizing jurisdiction on the basis that the district court believed it had decided an issue. One only has to review the district court opinion to reach this conclusion.