**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ROBERT MANN, Sr.; et al., | No. 17-17048 |
| Plaintiffs-Appellees, | D.C. No. 2:17-cv-01201-WBS-DB |
| v. | |
| CITY OF SACRAMENTO; et al., | MEMORANDUM* |
| Defendants, | |
| and | |
| JOHN C. TENNIS; RANDY R. LOZOYA, | |
| Defendants-Appellants. | |

Appeal from the United States District Court
for the District of Arizona
William B. Shubb, District Judge, Presiding

Argued and submitted August 15, 2018
San Francisco, California

Before: O'SCANNLAIN and BEA, Circuit Judges, and STEARNS,** District
Judge.

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\** The Honorable Richard G. Stearns, United States District Judge for
the District of Massachusetts, sitting by designation.

Defendants-Appellants John Tennis and Randy Lozoya ("Defendants"), police officers for the city of Sacramento, California, appeal from the district court's denial of their motion to dismiss Plaintiffs' action under 42 U.S.C. § 1983. We have jurisdiction over this interlocutory appeal of the district court's denial of qualified immunity,[1] *Mitchell v. Forsyth*, 472 U.S. 511, 525 (1985), as well as such issues as are "inextricably intertwined" with the qualified immunity issue, *Lum v. City of San Joaquin*, 584 F. App'x 449, 450–51 (9th Cir. 2014). We review *de novo* the district court's denial of qualified immunity and the district court's denial of Defendants' motion to dismiss, *Dunn v. Castro*, 621 F.3d 1196, 1198 (9th Cir. 2010), and we reverse.

Defendants are entitled to immunity unless (1) "the facts that a plaintiff has alleged . . . make out a violation of a constitutional right" and (2) "the right at issue was 'clearly established' at the time of defendant's alleged misconduct."[2] *Pearson v. Callahan*, 555 U.S. 223, 232 (2009). Here, Plaintiffs alleged that Defendants deprived them of their constitutional rights to association with their adult brother, Joseph Mann ("Joseph"), by unlawfully shooting and killing him in 2016. In

---

[1] It is immaterial, for purposes of establishing jurisdiction over this interlocutory appeal, that the district court did not explicitly address qualified immunity. *Giebel v. Sylvester*, 244 F.3d 1182, 1186 n.6 (9th Cir. 2001).

[2] Plaintiffs argue that Defendants waived any qualified immunity defense because their argument on that issue "encompassed merely 12[] lines of text." Defendants' argument, though concise, was sufficient to raise and preserve the argument.

general, a relationship may be protected under either the First Amendment or the Due Process Clause of the Fourteenth Amendment. *Erotic Service Provider Legal Education & Research Project v. Gascon*, 880 F.3d 450, 458 (9th Cir. 2018) ("There are two distinct forms of freedom of association: (1) freedom of intimate association, protected under the Substantive Due Process Clause of the Fourteenth Amendment; and (2) freedom of expressive association, protected under the Freedom of Speech Clause of the First Amendment."), *as amended*, 881 F.3d 792 (9th Cir. 2018); *see also Keates v. Koile*, 883 F.3d 1228, 1236 (9th Cir. 2018) (9th Cir. 2018) ("[W]e have held that claims under both the First and Fourteenth Amendment for unwarranted interference with the right to familial association could survive a motion to dismiss." (citing *Lee v. City of Los Angeles*, 250 F.3d 668, 686 (9th Cir. 2001)).

Plaintiffs failed to allege a violation of their constitutional rights to freedom of association under any theory recognized by this court. First, Plaintiffs have not pleaded sufficient facts to show that they and Joseph shared an "expressive association" right protected by the First Amendment. Their complaint alleged only that they "shared a close relationship and special bond" with Joseph, and that "[t]heir relationships with their brother . . . presupposed deep attachments, commitments, and distinctively personal aspects of their lives." *See IDK, Inc. v. Clark Cty.*, 836 F.2d 1185, 1195 (9th Cir. 1988) (dismissing First Amendment

freedom-of-association claim where the plaintiffs "ma[d]e no claim that expression is a significant or necessary component of their activities").

Nor have Plaintiffs pleaded sufficient facts to show that any of them shared an "intimate association" right protected under the First or Fourteenth Amendments. Plaintiffs have not alleged specific facts sufficient to show that any of them shared with Joseph a relationship of a type discussed in *Board of Directors of Rotary International v. Rotary Club of Duarte*, 481 U.S. 537, 545 (1987), and its progeny, *see, e.g.*, *Lee*, 250 F.3d at 685–86 (holding a mother adequately alleged a protected First Amendment association with her son under *Rotary Club*); *Keates*, 883 F.3d at 1228 (holding parents have a First Amendment right of association with their children under *Lee* and *Rotary Club*). In *Rotary Club*, the Supreme Court stated as follows:

> The intimate relationships to which we have accorded constitutional protection include marriage; the begetting and bearing of children; child rearing and education; and cohabitation with relatives. Of course, we have not held that constitutional protection is restricted to relationships among family members. We have emphasized that the First Amendment protects those relationships, including family relationships, that presuppose "deep attachments and commitments to the necessarily few other individuals with whom one shares not only a special community of thoughts, experiences, and beliefs but also distinctively personal aspects of one's life." But in *Roberts* we observed that "[d]etermining the limits of state authority over an individual's freedom to enter into a particular association . . . unavoidably entails a careful assessment of where that relationship's objective characteristics locate it on a spectrum from the most intimate to the most attenuated of personal attachments." In determining whether a particular association is sufficiently personal or private to

4

> warrant constitutional protection, we consider factors such as size, purpose, selectivity, and whether others are excluded from critical aspects of the relationship.

*Rotary Club*, 481 U.S. at 545–46 (citations omitted). In other words, relationships involving marriage, child-rearing, or cohabitation are protected by the First Amendment, and other relationships, "including family relationships," may also be protected to the extent that the "objective characteristics" of the relationship (*i.e.* "factors such as size, purpose, selectivity, and . . . exclu[sivity]") demonstrate that it is "sufficiently personal or private to warrant constitutional protection." *Id.* Plaintiffs did not allege that their relationships with Joseph involved marriage, child rearing, or cohabitation, as in *Lee* or *Keates*. Nor did they allege specific facts about the "objective characteristics" of their relationships with Joseph to show that they were nonetheless the sort of relationships that "warrant constitutional protection." Therefore, the complaint's conclusory and formulaic recitation of language from *Rotary Club* was not sufficient to plead a right of intimate association protected by the First Amendment. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.") (second alteration in original); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)

17-17048

("[P]leadings that . . . are no more than conclusions[] are not entitled to the assumption of truth.").

Moreover, even if plaintiffs could plead sufficient facts to satisfy the standards for intimate association set forth in *Rotary Club*, relief would be foreclosed under *Ward v. City of San Jose*, 967 F.2d 280 (9th Cir. 1991) (dismissing siblings' excessive-force claim under § 1983).  In *Ward*, this court held that adult, non-cohabitating siblings do not "possess a cognizable liberty interest in their brother's companionship."  *Id.* at 283–84.  Because we analyze the right of intimate association in the same manner regardless whether we characterize it under the First or Fourteenth Amendments, *Ward* necessarily rejected any argument that adult, non-cohabitating siblings enjoy a right to intimate association.

Because the facts alleged by Plaintiffs failed to "make out a violation of a constitutional right," the district court erred in denying Defendants' motion to dismiss on the basis of qualified immunity.  *Pearson*, 555 U.S. at 232.  Accordingly, we reverse the district court's order and remand.  On remand, the district court may consider whether to grant Plaintiffs leave to amend their complaint.

**REVERSED and REMANDED.**